Littleton, Judge,
concurring:
On the occasion of the court’s opinion in this case on January 16, 1957, I dissented from the holding that the charge made by the plaintiff for the contract to maintain the units after the expiration of the one year warranty was a separate charge in the nature of insurance and excludable from taxation as such under section 3441 (a) of the Internal Revenue Code of 1939 so that plaintiff became entitled to recover taxes paid on the $5 charges collected from purchasers of such units. The ground of my dissent was that under the doctrine of collateral estoppel the court was bound by its decision rendered in General Motors v. United States, 128 C. Cls. 465, in which cross petitions for certiorari were denied by the Supreme Court on February 14, 1955, 348 U. S. 942. I was of the opinion that the doctrine of collateral estoppel was applicable because at that stage of the proceedings, i. e., on plaintiff’s motion- for summary judgment in the third General Motors case (No. 55-56), post, p. 878, there appeared to be no change in the facts or issues from the first General Motors case. Upon remand to the trial commissioner of the court for hearing it was established as a fact that the extended warranty for more than one year had be *847 come a custom in the industry and was a custom in the industry during the period involved in the first General Motors case. This fact I believe to be most material although it was not raised nor was it a matter of record in the first or second General Motors cases, and I agree with Chief Judge Jones and Judge Laramore that it raises a new issue of great importance. Accordingly, since we now are faced with “points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time”, I am of the opinion that the parties are free to litigate such points in this proceeding and that the doctrine of collateral estoppel is no longer applicable. Commissioner v. Sunnen, 333 U. S. 591, 598.
Reaching the merits, I concur in the majority’s opinion thereon.